IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JABRIL ABDULLAH,

   Plaintiff,

v.                                        CASE NO.:

VYSTAR CREDIT UNION;         **DEMAND FOR JURY TRIAL**
EXPERIAN INFORMATION
SOLUTIONS, INC.

   Defendants.
_____/

## COMPLAINT

Plaintiff, Jabril Abdullah, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby brings this Complaint against Defendants, Vystar Credit Union, (hereinafter "VYSTAR") and Experian Information Solutions, Inc., (hereinafter "EXPERIAN"); under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* for failure to maintain reasonable procedures as a "furnisher" and "credit reporting agency," respectively, to ensure the maximum possible accuracy of information contained in "consumer reports."

## INTRODUCTION

1. This action arises out of Defendants' repeated violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter the "FCRA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the acts and transactions occurred within this District, Plaintiff resides within this District, and Defendants transact business within this District.

## PARTIES

4. Plaintiff, Jabril Abdullah, is a natural person over the age of eighteen who resides in, Broward County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, Defendant Experian Information Solutions, Inc., (hereinafter "EXPERIAN"), is a corporation under the laws of the State of California doing business in the State of Florida.

6. EXPERIAN maintains a registered agent at 1200 South Pine Island Road, Plantation, FL 3324.

7. Defendant EXPERIAN operates from a principal address of 475 Anton Blvd Costa Mesa, California 92626-7036.

8. Upon information and belief, EXPERIAN is a "consumer reporting agency," as defined by the FCRA in 15 U.S.C. § 1681e(b) and 1681i.

9. Upon information and belief, EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by the FCRA in 15 U.S.C. § 1681e(b) and 1681i to third parties.

10. Upon information and belief, EXPERIAN disburses such consumer reports to third parties under contracts for monetary compensation.

11. Upon information and belief, Defendant VyStar Credit Union (hereinafter "VYSTAR"), is a corporation under the laws of the State of Florida doing business in the State of Florida.

12. VYSTAR operates from a principal address of 4949 Blanding Blvd., Jacksonville, FL 32210.

13. VYSTAR maintains a registered agent at 4949 Blanding Blvd., Jacksonville, FL 32210.

14. VYSTAR is a Furnisher as regulated by 15 U.S.C. § 1681s-2(b) in that it provides information about consumers to consumer reporting agencies.

## FACTUAL ALLEGATIONS

15. In or about January 2020, Plaintiff, verbally and in writing, notified Defendants VYSTAR and EXPERIAN of fraudulent accounts opened using his personal information that were reflected on his EXPERIAN Credit Report.

16. Among the accounts opened using Plaintiff's personal information was VyStar Credit Union account number 107508XXXXXX.

17. Plaintiff never opened, used, or benefited from the VyStar Credit Union account number 107508XXXXXX.

18. Between the months of January 2020 and December 2020, Plaintiff sent numerous dispute letters to Defendants VYSTAR and EXPERIAN regarding VyStar account number 107508XXXXX.

19. On or about February 28, 2020, EXPERIAN responded to one of Plaintiff's many dispute letters notifying him that, "the company that reported the

information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute."

20. On or about April 16, 2020, EXPERIAN once again responded to one of Plaintiff's many dispute letters notifying him that, "the company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute."

21. In fact, Defendant EXPERIAN would continue to respond the same way to Plaintiff's dispute letters on August 25, 2021, October 1, 2020, and November 23, 2020.

22. Attached to a dispute letter drafted and sent by Plaintiff on December 16, 2020, to EXPERIAN, was a police report evidencing the theft of Plaintiff's wallet and phone.

23. Within that report, Plaintiff cites that the information from his stolen wallet was used to open, in addition to a Jacksonville Electric Authority Account, a VyStar Credit Union account.

24. On or about January 13, 2021, Defendant EXPERIAN responded to Plaintiff's December 16, 2020, dispute letter notifying him that, "the information you disputed has been verified as accurate; however, the information unrelated to your dispute has been updated," and the VyStar account status was changed to "Paid, closed. $95 written off."

25. Plaintiff's Experian credit report shows three charge offs on the VyStar Credit Union account number 107508XXXXXX for the months of February 2020, December 2020, and January 2021.

26. Under information and belief, Defendant VYSTAR reported account number 107508XXXXXX to Defendant EXPERIAN.

27. Under information and belief, EXPERIAN and other consumer reporting agencies communicated Plaintiff's dispute to VyStar and requested that VyStar reinvestigate such.

28. Under information and belief, on each of these occasions, Defendant VyStar either failed to conduct a reasonable reinvestigation or failed to correct the inaccuracies found in such reinvestigation and verified inaccurate information to the CRAs.

29. Under information and belief, Defendant EXPERIAN informed Plaintiff their investigation established the accounts were his.

30. Under information and belief, Defendant VYSTAR received notices of dispute from Plaintiff, and Experian on multiple occasions each.

31. Under information and belief, Defendant EXPERIAN responded to the disputes by claiming it had conducted an investigation and verified inaccurate information is accurate, in particular that the account was Plaintiff's and that Plaintiff owed any amount of money on the account.

32. Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

33. All conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violations of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(B) as to Defendant Vystar)

34. Plaintiff incorporates by reference, the above paragraphs one (1) through thirty-two (32) of this Complaint as though fully stated herein.

35. Defendant VYSTAR violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information after receiving notice of such dispute by a consumer reporting agency, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiffs prior dispute letters and documentation, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

36. Further, Defendant VYSTAR violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff

which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

37.     As a result of this conduct, action and inaction of Defendant VYSTAR, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

38.     Defendant, VYSTAR's conduct, action, and inaction are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

39.     Plaintiff is entitled to recover costs and attorney's fees from Defendant VYSTAR in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT II
**(Violations of the FCRA 15 U.S.C. § 1681e(b)
as to Defendants Experian)**

40.     Plaintiff incorporates by reference, the above paragraphs one (1) through thirty-two (32) of this Complaint as though fully stated herein.

41.     Defendant EXPERIAN violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible

accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

42. As a result of this conduct, action, and inaction of Defendant EXPERIAN, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

43. Defendant EXPERIAN's conduct, action, and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover costs and attorney's fees from Defendant EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III
### (Violations of the FCRA 15 U.S.C. § 1681i as to Defendants Experian)

45. Plaintiff incorporates by reference, the above paragraphs one (1) through thirty-two (32) of this Complaint as though fully stated herein.

46. Defendant EXPERIAN violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it knows is unreliable.

47. As a result of this conduct, action, and inaction of Defendant EXPERIAN, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

48. Defendant EXPERIAN's conduct, action, and inaction are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Defendant EXPERIAN was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorney's fees from Defendant EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against each Defendant for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted October 13, 2022.

/s/ Jared M. Lee, Esq.
Jared M. Lee, Esq.
   Florida Bar No. 0052284
**Jackson Lee | PA d/b/a The Consumer Advoacy Firm**
1985 Longwood Lake Mary Rd.
Ste. 1001

Longwood, FL 32750  
Tel: (407) 477-4401  
Fax: (407) 477-4949  
E-mail: Jared@cra.law  
Service@cra.law  
Marco@cra.law  
*Counsel for Plaintiff*